IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NANCY JO RITZ                                                              PLAINTIFF

v.                          CIVIL NO. 15-5139

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Nancy Jo Ritz, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for DIB on September 26, 2011, alleging an inability to work since September 19, 2011,[1] due to Hepatitis C, diabetes, and a heart condition. (Doc. 11, pp. 686, 718). For DIB purposes, Plaintiff maintained insured status through December 31, 2014. (Doc. 11, pp. 572, 690). An administrative video hearing was held on March 26, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 11, p. 588).

---

[1] Plaintiff, through her counsel, amended the alleged onset date to July 31, 2010. (Doc. 11, pp. 572, 586, 795).

1

By written decision dated July 5, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 11, p. 574). Specifically, the ALJ found Plaintiff had the following severe impairments: Hepatitis C and obesity.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Doc. 11, p. 578).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of sedentary work as defined in 20 C.F.R. §404.1567(a).  (Doc. 11, p. 578). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a collection clerk and a credit and collection manager.  (Doc. 11, p. 581).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 5, 2015. (Doc. 11, p. 6).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 9, 10).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 404.1520.  Only

3

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform a full range of sedentary work. In determining Plaintiff's RFC, ALJ discounted treating physician, Dr. Wm. C. Kendrick's, opinion that she could only work one to two hours a day, and that she could stand for up to fifteen minutes up to a total of two hours in a workday, and could lift up to twenty pounds occasionally, and five pounds frequently. (Doc. 11, p. 1016). It appears

4

from this the ALJ presumed that Plaintiff was able to sit for six hours in a workday. However, medical evidence also shows that Dr. Kendrick stated as follows when asked about the assessment that he completed:

> What I filled out described her limitations. IT (sic) is implicit in these limitations that there is almost no job that she can do. I am not sure when she will be able to go to work. We can send this note.
>
> TO WHOM IT MAY CONCERN:
>
> This patient has multiple medical problems that together keep her from being gainfully employed. These problems are chronic, and she will be unable to work for at least 6 months.

(Doc. 11, p. 1237).

As the only physical RFC assessments of record were dated at least six months prior to the opinion of Dr. Kendrick, the Court is unclear as to what medical evidence was used to support the determined RFC. At the very least, the ALJ should have contacted Dr. Kendrick and requested that he complete a RFC form. A review of the record also indicates that the ALJ discounted Plaintiff's report of grip problems which appear to be supported by the examination of Dr. C.R. Magness, also discounted by the ALJ, who found Plaintiff had 50% grip strength in her right hand, and 40% grip strength in her left. (Doc. 11, p. 847). After reviewing the record, the Court believes remand is necessary so that the ALJ can more fully and fairly develop the record Plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review all of Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.

5

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV.   Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of August, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE